UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
INTERSCOPE RECORDS, a California general
partnership, *et al.*,

                        Plaintiffs,         MEMORANDUM
                                                  AND ORDER

   -against-
                                                  05-CV-5864 (DGT)(RML)
GILSA BARBOSA,

                        Defendant.
------------------------------------------------------------X

LEVY, United States Magistrate Judge:

        By notice of motion dated October 31, 2006, plaintiffs Interscope Records, Warner Bros., Sony BMG Music Entertainment and UMG Recordings, Inc. ("plaintiffs") move for sanctions, pursuant to Fed. R.Civ. P. 37(c) and the court's inherent power. For the reasons stated below, plaintiffs' unopposed motion is granted and plaintiffs are awarded $200 in sanctions.

## BACKGROUND AND FACTS

        Plaintiffs commenced this copyright infringement action in December 2005, alleging that *pro se* defendant Gilsa Barbosa ("defendant") downloaded and distributed sound recordings over a peer-to-peer file sharing network, in violation of the Copyright Act, 17 U.S.C. § 101, *et seq*. (See Complaint, dated Dec. 12, 2005.) Plaintiffs now move for monetary sanctions on the ground that defendant provided false and misleading answers to plaintiffs' interrogatories, thereby causing plaintiffs to incur the unnecessary expense of taking depositions in order to obtain accurate information.

        Specifically, on March 9, 2006, plaintiffs served defendant with interrogatories that required her to identify, *inter alia*, (1) all persons who resided with her in the three years

preceding this lawsuit, (2) all persons who used her computer during that time period, (3) all persons who used an online media distribution system on the computer during that time period, and (4) who downloaded the sound recordings listed on Exhibit B to the Complaint. (See Pls.' Interrog. Nos. 6, 7, 10 and 20, annexed as Ex. A to the Declaration of Timothy M. Reynolds, Esq., dated Oct. 31, 2006 ("Reynolds Decl.").) In response, defendant stated under oath that (1) only her son "Bruno Zimerer," her daughter-in-law "Julissa Vargas," and "Rehka & Raj" had lived with her in the three years preceding this lawsuit, (2) only her daughter-in-law had used the computer, and (3) no one had used an online media distribution system. (See Def.'s Resp. to Interrog. Nos. 6, 7 and 10, annexed as Ex. B to the Reynolds Decl.) In answer to plaintiff's interrogatory asking her identify the person who downloaded the sound recordings on Exhibit B to the Complaint, defendant responded, "None." (Id., No. 20.)

At a later court conference, however, defendant admitted that her son Patrick Niedt had also resided with her in the three years preceding the filing of the Complaint. (Reynolds Decl. ¶ 4.) Plaintiffs therefore scheduled the depositions of defendant and Patrick Neidt, during which both admitted that defendant knew Patrick Niedt had used defendant's computer to download and distribute plaintiffs' sound recordings. (Id. ¶ 5; Deposition of Gilsa Barbosa, dated Aug. 4, 2006, annexed as Ex. C to the Reynolds Decl., at 45-46, 49-50, 52, 54; Deposition of Patrick Niedt, dated Aug. 4, 2006, annexed as Ex. D. to the Reynolds Decl., at 39, 53, 57).

Plaintiffs seek sanctions totaling $2,860, representing eleven hours of attorney time at the rate of $260 per hour. (Reynolds Decl. ¶¶ 6, 7.) They argue that "[a]ll of these 11 attorney hours resulted directly from Defendant's failure to provide accurate, truthful discovery

responses, and would not have been necessary had Defendant simply done what she was required to do." (Id. ¶ 6.) Defendant has not responded to plaintiffs' sanctions motion.

## DISCUSSION

Pursuant to Rule 37(c)(1), if a party "without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2)," the court may impose sanctions, including but not limited to any of the actions authorized under Rule 37(b)(2)(A), (B), and (C). Fed. R. Civ. P. 37(c)(1); see also MCI Worldcom Commc'ns, Inc. v. Gamma Commc'ns Grp., Inc., 204 F.R.D. 259, 261 (S.D.N.Y. 2001). Those sanctions include:

> (A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for purposes of the action. . . . ; (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence; (C) An order striking the pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any party thereof, or rendering a judgment by default against the disobedient party.

Fed. R. Civ. P. 37(b)(2)(A)-(C). Rule 37(b) further provides that in lieu of, or in addition to, any of the foregoing orders, "the court shall require the party failing to obey the order . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust."

The court supervising discovery has broad discretion in imposing sanctions. See Corporation of Lloyd's v. Lloyd's U.S., 831 F.2d 33, 36 (2d Cir. 1987). See also John B. Hull, Inc. v. Waterbury Petroleum Prods., Inc., 845 F.2d 1172, 1176 (2d Cir. 1988) (the "imposition of

sanctions under Rule 37 is within the discretion of the district court" and will be reversed only if "the decision constitutes an abuse of that discretion"). Moreover, a litigant's *pro se* status does not relieve her of her obligation to provide complete and truthful responses to discovery requests. See Minotti v. Lensink, 895 F.2d 100, 103 (2d Cir. 1990) ("[A]ll litigants, including *pro ses*, have an obligation to comply with court orders.") (internal quotation and citation omitted); DePonce v. Buxbaum, No. 90 Civ. 6344, 1995 WL 92324, at *10 (S.D.N.Y. Mar. 7, 1995) (awarding monetary sanctions against *pro se* defendant for misleading interrogatory responses). See also Baba v. Japan Travel Bureau Int'l, Inc., 111 F.3d 2, 5 (2d Cir. 1997) (while *pro se* litigants are entitled to some leeway in complying with the Federal Rules of Civil Procedure, such tolerance does not extend to unexcused failures to comply with routine discovery requests.) Nor, generally, is poverty a bar to the imposition of sanctions for willful misconduct. See Odom v. Sielaff, No. 90 Civ. 7659, 1992 WL 2533, at *2 (S.D.N.Y. Jan. 2, 1992).

Generally speaking, courts have "never considered warning an absolute condition precedent" to the imposition of sanctions, because parties "have no absolute entitlement to be 'warned' that they disobey court orders at their peril." Davidson v. Dean, 204 F.R.D. 251, 257 (S.D.N.Y. 2001). However, a defendant's *pro se* status entitles her to notice of the risk of noncompliance. See Bobal v. Rensselaer Polytechnic Institute, 916 F.2d 759, 764 (2d Cir. 1990) ("[w]hile . . . [pro se litigants] have no right to ignore or violate court orders, they must nonetheless be made aware of the possible consequences of their actions"). In this case, defendant has been on notice for some time that plaintiffs intended to seek monetary sanctions for her failure to respond fully and truthfully to plaintiffs' interrogatories. By letter dated August 31, 2006, plaintiffs advised the court and defendant of their intention to seek sanctions. (See Letter of Timothy M. Reynolds, Esq., dated Aug. 31, 2006.) Defendant did not respond in any way to

that letter, to telephone calls from plaintiffs' counsel (see id.), or to plaintiffs' formal motion for sanctions, filed on November 1, 2006. She has therefore abandoned her opportunity to explain herself. On the other hand, plaintiffs do not contend that defendant was expressly warned of the possibility of monetary sanctions when she provided misleading responses to plaintiffs' interrogatories.

As plaintiffs also point out, federal courts have the inherent power to manage their own proceedings and to control the conduct of those who appear before them; thus, when a party acts "in bad faith, vexatiously, wantonly, or for oppressive reasons," the court may exercise its discretion in fashioning a remedy. Chambers v. NASCO, Inc., 501 U.S. 32, 45-46 (1991). Even in the absence of a discovery order, a court may impose sanctions for misconduct during discovery through this inherent power to manage its affairs. Residential Funding Corp. v. DeGeorge Fin. Corp., 306 F.3d 99, 106-07 (2d Cir. 2002). However, the court should exercise this power with restraint and only upon the finding of bad faith. DLC Mgmt. Corp. v. Town of Hyde Park, 163 F.3d 124, 136 (2d Cir. 1998); see also Sanders v. City of New York, 218 F. Supp. 2d 538, 542-43 (S.D.N.Y. 2002) (citing Reilly v. NatWest Markets Grp., Inc., 181 F.3d 253, 267 (2d Cir. 1999), for the proposition that when a court exercises its inherent power to impose sanctions for the discovery abuse of spoliation, neither bad faith nor intentional misconduct is necessary), aff'd, 361 F.3d 749 (2d Cir. 2004).

The monetary sanctions plaintiffs seek, $2,860, would doubtless cause significant economic hardship to defendant, a *pro se* litigant of apparently modest means. See Quiles v. Beth Israel Med. Ctr.,168 F.R.D. 15, 19 (S.D.N.Y. 1996) (declining to award monetary sanctions against *pro se* plaintiff who repeatedly ignored court orders, but dismissing case as a sanction). Furthermore, defendant did ultimately cooperate, albeit after plaintiffs expended additional

resources pursuing accurate information. Nevertheless, no other sanction is available to hold defendant accountable. Plaintiffs have stated their intention to discontinue this action against defendant, as they have received permission to file an amended complaint naming defendant's son, Patrick Neidt, as the responsible party. Thus, the court is not in a position to enter a default judgment against defendant or to order some other type of sanction.

I find monetary sanctions warranted, as plaintiffs are entitled to some compensation for being forced to pursue discovery that would have been unnecessary had defendant not intentionally concealed discoverable information. Although plaintiffs' request of $2,860 is not unreasonable, as it reflects an appropriate expenditure of attorney time under the circumstances, it is this court's impression, based on its observation of defendant at court conferences, that she is not a sophisticated individual versed in the nuances and pitfalls of litigation. In short, she did not directly disobey a court order; nor did she fully understand the consequences of her actions. It is also apparent that defendant's actions, while misguided and abusive of the judicial system, were done in a sincere attempt to protect her child. Plaintiffs are therefore awarded $200 in monetary sanctions. This amount is sufficient at this time to punish this *pro se* defendant for her discovery violations and to deter future willful conduct by defendant and others.

SO ORDERED.

/s/
ROBERT M. LEVY
United States Magistrate Judge

Dated: Brooklyn, New York
December 29, 2006